JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04337-RGK-SK | Date | May 28, 2020 |
|---|---|---|---|
| Title | *Paulina Cruz v. Quest Diagnostics Clinical Laboratories, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On April 2, 2020, Paulina Cruz ("Plaintiff") filed a complaint in state court against Quest Diagnostics Clinical Laboratories, Inc. ("Defendant") alleging common law and state statutory claims based on disability discrimination in the workplace.

On May 13, 2020, Defendant removed the action to this Court on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages for lost wages, loss of employment related opportunities, general and special damages, and damages for emotional distress and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's monthly pay, her backpay from her June 20, 2019 discharge date through the date of removal is $33,069.20. Defendant then states that incorporating all other requested damages—including approximately $36,000 in additional unmitigated lost wages during the year Defendant anticipates it will take to bring his case to trial—the amount in controversy exceeds the jurisdictional minimum.

Defendant fails to demonstrate that the amount in controversy exceeds $75,000 by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04337-RGK-SK | Date | May 28, 2020 |
|---|---|---|---|
| Title | *Paulina Cruz v. Quest Diagnostics Clinical Laboratories, Inc. et al* | | |

preponderance of the evidence. With $33,069.20 as a starting point, and nothing to substantiate a claim for emotional distress damages, the Complaint does not meet the minimum amount in controversy. Defendant's inclusion of attorneys' fees and punitive damages are speculative.

Accordingly, the Court is not satisfied that Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the Court finds that it lacks subject matter jurisdiction, and the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                 _____ : _____

Initials of Preparer